David W. Brody, CSB 112373
Kenneth R. Shemwell, CSB 279832
LAW OFFICES OF DAVID W. BRODY
1350 Columbia Street, Suite 403
San Diego, California 92101
Telephone: (619) 546-9200
Facsimile: (619) 546-9270
E-mail: dbrody@brody-law.com

Attorneys for Secured Creditor,
PACIFIC PREMIER BANK

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>SAMM SOLUTIONS, INC., dba BTS RESEARCH,<br><br>   Debtor. | Case No. 19-04700-LA11<br><br>Chapter 11<br><br>SECURED CREDITOR PACIFIC PREMIER BANK'S RESPONSE IN SUPPORT OF DEBTOR'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §362 ENFORCING AUTOMATIC STAY AGAINST KALAMATA CAPITAL GROUP<br><br>ASSIGNED FOR ALL PURPOSES TO: HONORABLE LOUISE DECARL ADLER<br>Date: October 24, 2019<br>Time: 2:00 p.m.<br>Dept.: 2<br>Ctrm: 118 |

  Secured Creditor PACIFIC PREMIER BANK, a California state-chartered bank ("PPB") hereby respectfully submits this Response in Support of the Debtor's Motion for Entry of an Order Pursuant to 11 U.S.C. §362 Enforcing Automatic Stay against Kalamata Capital Group ("Motion").

### INTRODUCTION

#### Loan Summary

  PPB is owed the original principal sum of $1,307,600.00 under a U.S. Small Business Administration Note dated July 10, 2017 ("Note") executed by the Debtor, SAMM SOLUTIONS, INC., a California Corporation ("Debtor"). The Note provides that the Debtor is required to make monthly payments of principal and interest, commencing on September 1, 2017, and continuing

In Re: SAMM Solutions, Inc. dba BTS Research                  1
Case No. 19-04700-LA11
Secured Creditor Pacific Premier Bank's Response in Support of Debtor's Motion to Enforce Stay

through July 1, 2027, when all remaining principal and interest becomes all due and payable.

In connection with the execution of the Note, the Debtor executed a Commercial Security Agreement ("Security Agreement") in favor of PPB wherein the Debtor granted PPB a **first- priority** security interest in substantially all personal property owned by the Debtor, including, but not limited to, all inventory, accounts, equipment, deposit accounts, chattel paper, fixtures, instruments, money, other rights to payment and performance, and general intangibles. Said property is hereafter referred to as the "Collateral." PPB's first-priority security interest is duly perfected by the filing of a UCC-1 Financing Statement, filed on June 27, 2017 with the California Secretary of State as Document No. 17-7592010214. PPB's loan is also secured by junior deeds of against four parcels of real estate granted by the loan's guarantors: (1) 993 Brenna Hill Place, Escondido, California 92025; (2) 893 Telegraph Road, Whitehorn, California 95589; (3) 489 Hummingbird Drive, Brea, California 92823; and (4) 43934 Calle Sandor, Temecula, California 92592.

The Debtor is in default under the Note and related loan documents for failure to make the monthly payment due on September 1, 2019.

The Debtor's Amended Schedule D lists PPB as a secured creditor holding a claim of $1,178,000.00, which is secured by real and personal property valued at $1,178,000.00.

## Procedural History

On August 5, 2019, the Debtor filed its voluntary Chapter 11 petition. The initial §341(a) meeting of creditors was held on September 10, 2019.

On September 19, 2019, the Debtor filed its Motion against judgment creditor Kalamata Capital Group ("KCG") seeking damages for a willful violation of the automatic stay. The Debtor's motion arises from a garnishment of funds by KCG in the amount of $287,000.00, from the Debtor's account debtor, Pharmacyclics. According to the Debtor's motion, the monies of $287,000.00 are frozen by Pharmacyclics, and will not be released to the Debtor absent consent from KCG. Despite the Debtor's post-petition requests, KCG has failed and refused to release the funds.

///

///

///

In Re: SAMM Solutions, Inc. dba BTS Research
Case No. 19-04700-LA11
Secured Creditor Pacific Premier Bank's Response in Support of Debtor's Motion to Enforce Stay

2

The Debtor's Motion contends that the "Merchant Agreement" for the "Purchase and Sale of Future Receivables" dated December 11, 2018 (collectively "Agreement") between the Debtor and KCG was merely a loan in disguise. The Motion indicates that the Debtor obtained monies of $290,000.00 from KCG in exchange for the "sale" of a future revenue stream of $397,300.00. According to the Motion, to secure the Debtor's performance under the "sale" agreement, KCG took a security interest in certain personal property owned by the Debtor, secured by a junior UCC-1 filed on or about July 17, 2018. The Debtor explains that KCG obtained a money judgment of $547,738.66 on January 15, 2019 arising from the Debtor's default under the Agreement. The garnishment of the receivables owed by Pharmacyclics occurred in July 2019.

## RESPONSE

PPB supports the Debtor's Motion against KCG. PPB holds the first-priority security interest in all of the Debtor's personal property, as is evidenced by its UCC-1 Financing Statement filed on June 23, 2017. Regardless of whether the Debtor's transaction with KCG was originally a loan or a sale, PPB has a senior lien against all of the Debtor's accounts receivable. PPB has not consented to the transfer or disposition of its collateral by KCG (or any other party).

Based on the evidence contained in the Motion, the receivables of $287,000.00 frozen by Phamarcyclics appear to be property of the Debtor, which are *not* owned by KCG. Due to its failure to release these funds to the Debtor, KCG appears to be in violation of the automatic stay for (1) wrongfully retaining control of estate property and (2) continuing to enforce its pre-petition judgment against the Debtor after the bankruptcy filing. Notwithstanding the outcome of this Motion, PPB reserves all rights regarding its security interest in the personal property that is the subject of this Motion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

In Re: SAMM Solutions, Inc. dba BTS Research  
Case No. 19-04700-LA11  
Secured Creditor Pacific Premier Bank's Response in Support of Debtor's Motion to Enforce Stay

3

## CONCLUSION

Based on the Foregoing, PPB respectfully requests that the Debtor's Motion be granted and KCG be ordered to release the funds to the Debtor.

Respectfully Submitted,

Dated: October 2, 2019                    LAW OFFICES OF DAVID W. BRODY

By: */s/ David W. Brody*
David W. Brody
Attorneys for Creditor, PACIFIC PREMIER BANK

U:\CLIENT\PACIFIC PREMIER BANK\SAMM SOLUTIONS\MOTION.ENFORCE.STAY.RESPONSE.002.wpd

In Re: SAMM Solutions, Inc. dba BTS Research
Case No. 19-04700-LA11
Secured Creditor Pacific Premier Bank's Response in Support of Debtor's Motion to Enforce Stay

4